IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLLEEN O'DONNELL,

        Plaintiff,

v.

U.S. BANCORP EQUIPMENT FINANCE, INC., et al.,

        Defendants.

NO. C10-0941 TEH

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

        This matter comes before the Court on a motion to dismiss or, the alternative, motion for a more definite statement filed by Defendant U.S. Bancorp Equipment Finance, Inc. ("USBEF"). After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and hereby VACATES the hearing scheduled for June 7, 2010. For the reasons discussed below, USBEF's motion to dismiss is GRANTED.

**BACKGROUND**

        Plaintiff Colleen O'Donnell alleges that she began working for USBEF as a sales representative and was so successful that she was eventually given responsibility to lead her own sales team. She also developed a new line of business "dedicated to the lease of medical technology products, to hospitals, physicians and other medical customers . . . and achieved outstanding results, taking this new group from nothing to approximately $20 million in lease deals in its first year, which made it one of the most successful business units within USBEF's Technology Finance Group." Compl. ¶ 7.

1  USBEF "encouraged plaintiff to devote herself further to growing this business, and
2 assured her that she would continue to lead and manage this group, including appropriate
3 promotions and compensation adjustments, that she had done such an acclaimed job in
4 creating and developing." *Id.* ¶ 8.

> However, within a short time after these accolades and assurances, defendant USBEF, through its General Manager, Jamie Gioia, repudiated them by instead hiring a male "crony" whom he had reportedly known from a former common employer, from outside of USBEF to take over plaintiff's role as manager of this new medical technology leasing unit that she had built, and effectively demoting plaintiff from a leadership position, even though this new male manager was objectively less knowledgeable, experienced and qualified to run this business unit than plaintiff. After complaining of her unfair and disparate treatment to the General Manager, and with no corrective action taken, plaintiff was pressured to resign from defendant USBEF.

12 *Id.* ¶ 9. The revenues of the new group dropped to "virtually zero within approximately a
13 year of [O'Donnell's] departure from USBEF," which O'Donnell attributes to "the lack of
14 qualifications and capabilities" of the male manager who replaced her. *Id.* ¶ 10.
15  O'Donnell alleges that she "satisfactorily performed her duties and responsibilities as
16 expected by defendant," *id.* ¶ 13, and that her "gender was a factor in defendants' actions
17 toward and against" her, *id.* ¶ 14. After filing a complaint with the California Department of
18 Fair Employment and Housing and receiving a right-to-sue letter, O'Donnell filed this case
19 alleging three causes of action under state law: employment discrimination based on gender,
20 retaliation, and failure to prevent discrimination and/or retaliation..
21  USBEF now moves to dismiss all three causes of action for failure to state a claim or,
22 in the alternative, moves for a more definite statement.
23
24 **LEGAL STANDARD**
25  Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a
26 plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a
27 motion to dismiss, courts may consider only "the complaint, materials incorporated into the
28 complaint by reference, and matters of which the court may take judicial notice." *Metzler*

2

1  *Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  Courts must
2  generally "accept all material allegations of fact as true and construe the complaint in a light
3  most favorable to the non-moving party," *Vasquez v. Los Angeles County*, 487 F.3d 1246,
4  1249 (9th Cir. 2007), but "are not bound to accept as true a legal conclusion couched as a
5  factual allegation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted).

6        A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or
7  the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*
8  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a plaintiff
9  must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*
10 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not equate to probability, but
11 it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129
12 S. Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that
13 allows the court to draw the reasonable inference that the defendant is liable for the
14 misconduct alleged." *Id.*  Dismissal of claims that fail to meet this standard should be with
15 leave to amend unless it is clear that amendment could not possibly cure the complaint's
16 deficiencies.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

17       Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite
18 statement of a pleading to which a responsive pleading is allowed but which is so vague or
19 ambiguous that the party cannot reasonably prepare a response."  A court will generally
20 "require a more definite statement only when the pleading is so vague or ambiguous that the
21 opposing party cannot respond, even with a simple denial, in good faith or without prejudice
22 to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)
23 (internal quotations and citations omitted).  A motion for a more definite statement should be
24 denied "where the information sought by the moving party is available and/or properly
25 sought through discovery." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940,
26 949 (E.D. Cal. 1981).

27
28

**DISCUSSION**

USBEF argues that O'Donnell has failed to allege facts that would establish a prima facie case for either unlawful discrimination or unlawful retaliation. To establish a prima facie case for discrimination, a plaintiff must generally show that:

> (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive.

*Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000). A prima facie case for retaliation requires a plaintiff to demonstrate "that she engaged in protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a causal link between the two." *Morgan v. Regents of the Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000) (internal quotations and citations omitted).

Although O'Donnell failed to make this argument, a plaintiff is not required to establish a prima facie case in the complaint. The Supreme Court has explicitly held that the prima facie case in the discrimination context "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, "an employment discrimination plaintiff need not plead a prima facie case of discrimination," *id.* at 515; instead, "the ordinary rules for assessing the sufficiency of a complaint apply," *id.* at 511. The Court held that the plaintiff sufficiently stated a claim for relief under Title VII and the Age Discrimination in Employment Act where the "complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* at 514.

*Twombly* and *Iqbal* clarified "the ordinary rules for assessing the sufficiency of a complaint," but these cases did not reject *Swierkiewicz*'s holding that a prima facie case need not be pleaded in a complaint alleging discrimination. *Twombly*, 550 U.S. at 569-70 (reaffirming *Swierkiewicz*'s holding that "heightened fact pleading of specifics" is not required and that it would be improper to dismiss a complaint "for failing to allege certain additional facts that Swierkiewicz would need at the trial stage to support his claim in the

4

1 absence of direct evidence of discrimination"). Under *Twombly* and *Iqbal*, a complaint "does
2 not require detailed factual allegations" to survive a motion to dismiss, but a plaintiff must
3 allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,
4 129 S. Ct. at 1949 (internal quotations and citations omitted). This does not require that a
5 plaintiff state a claim for relief with probability; "it simply calls for enough fact to raise a
6 reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*,
7 550 U.S. at 556.

8       USBEF does not dispute that, for purposes of her discrimination claim, O'Donnell has
9 sufficiently alleged that she was a member of a protected class, was performing competently
10 in her position, and suffered an adverse employment action by being "effectively demot[ed]."
11 Compl. ¶ 9. Although USBEF argues that O'Donnell has failed to allege any facts to support
12 a conclusion that the adverse employment action was the result of discrimination, the Court
13 concludes that O'Donnell's allegation that she was replaced by a less qualified male crony of
14 the general manager is sufficient "to raise a reasonable expectation that discovery will reveal
15 evidence of illegal [discrimination]." *Twombly*, 550 U.S. at 556. However, the Court finds
16 that O'Donnell has nonetheless failed to satisfy the pleading requirements of Federal Rule of
17 Civil Procedure 8 because she has not alleged any dates in her complaint. *See, e.g.,*
18 *Swierkiewicz*, 534 U.S. at 514 (finding complaint to be sufficient in part because it "provided
19 relevant dates"). Without any reference to when the alleged misconduct occurred,
20 O'Donnell's allegations fail to state a plausible claim for relief. Accordingly, her first cause
21 of action for gender discrimination is dismissed with leave to amend to state relevant dates.

22       In her opposition, O'Donnell explained that her second cause of action, for retaliation,
23 was based on the allegations contained in paragraphs 9 and 19 through 23 of the complaint.
24 Paragraph 9 alleges that "[a]fter complaining of her unfair and disparate treatment to the
25 General Manager, and with no corrective action taken, plaintiff was pressured to resign from
26 defendant USBEF." Compl. ¶ 9. USBEF does not dispute that this paragraph sufficiently
27 alleges that O'Donnell was engaged in protective activity. However, USBEF contends – and
28 this Court agrees – that being "pressured to resign" is too conclusory an allegation to assume

5

as true.  Moreover, paragraphs 19 through 23 contain only "a formulaic recitation" of the elements that "will not do."[1]  *Twombly*, 550 U.S. at 555.  In addition, there are no facts alleged to support an inference that O'Donnell was "pressured to resign" as a result of her complaints about discriminatory treatment.  In light of these deficiencies, dismissal of O'Donnell's retaliation claim is proper.  Dismissal is with leave to amend because it is not clear that O'Donnell could not cure the deficiencies by amendment.

Finally, O'Donnell's cause of action for failure to prevent discrimination and/or retaliation rests on two paragraphs of the complaint:

> Plaintiff is informed and believes, and thereon alleges, that defendant USBEF was on notice of instances and/or complaints or discriminatory conduct, disparate treatment, and/or retaliation within USBEF by one or more of its manages [sic], including, without limitation, the general manager, Jamie Gioia, and that defendant USBEF permitted and condoned the continuation of such unlawful conduct against plaintiff and other female employees of USBEF.
>
> As a direct and proximate result of defendant USBEF's failure to prevent such discriminatory and/or retaliatory conduct, plaintiff has suffered and continues to suffer damage, including substantial losses in earning and other employment benefits, along with severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proved at trial, but not less than $700,000, as well as an award of attorney's fees as provided by statute.

Compl. ¶¶ 26-27.  These formulaic and conclusory allegations are insufficient to state a claim under the governing pleading standards.  Consequently, O'Donnell's third cause of action is also dismissed.  Leave to amend is granted because it is not clear that amendment would be futile.

---

[1] For example, paragraph 19 alleges that, "[a]t relevant times herein, plaintiff engaged in one or more protected activities by reporting and objecting to an appropriate manager and/or other personnel of defendant USBEF acts of discriminatory conduct and disparate treatment directed against or toward her by one or more managers at defendant USBEF."  Compl. ¶ 19.  The following paragraph alleges that, "[t]hereafter, and as a proximate result of plaintiff's above stated protected activities and conduct, defendants subjected plaintiff to adverse employment actions, including, without limitation, denial of advancement opportunities and reduction of responsibilities and/or compensation."  *Id.* ¶ 20.

**CONCLUSION**

In short, all three causes of action alleged in the complaint are deficient. Accordingly, USBEF's motion to dismiss is GRANTED, and the Court therefore does not reach USBEF's motion for a more definite statement. Dismissal of all three claims is with leave to amend because O'Donnell may be able to amend her complaint to add sufficient allegations to state plausible claims to relief. The amended complaint shall be filed on or before **June 28, 2010.**[2] Failure to file a timely amended complaint shall result in dismissal of this case with prejudice.

IT IS FURTHER ORDERED that the initial case management conference currently scheduled for June 21, 2010, shall be continued to **August 2, 2010, at 1:30 PM.** The parties shall meet and confer and file a joint case management conference statement on or before **July 26, 2010.**

**IT IS SO ORDERED.**

Dated: 05/28/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] In the amended complaint, O'Donnell shall also correct the mistaken reference to "defendant HP." *See* Compl. ¶ 16.

7